567 P.2d 17

The STATE of Idaho,
Plaintiff-Respondent,

v.

Guy Earl DITMARS,
Defendant-Appellant.

No. 12259.

Supreme Court of Idaho.

July 5, 1977.

Rehearing Denied Aug. 22, 1977.

Bruce Collier of Kneeland, Laggis, Korb & Collier, Ketchum, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Susan P. Mauk, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Chief Justice.

On November 18, 1975, appellant Ditmars entered a plea of guilty to first degree burglary. The district court adjudged the defendant guilty and committed him to the custody of the Idaho State Board of Corrections for a period not to exceed five years. The trial court sentenced the defendant, retaining jurisdiction over him for a period of 120 days pursuant to I.C. § 19–2601(4). The defendant was credited with 25 days by reason of his incarceration in the Blaine County jail.

One hundred twenty days later, on March 17, 1976, the district court entered an order relinquishing jurisdiction over the defendant. The court stated that it had received a report and evaluation of the defendant from the Idaho State Board of Corrections recommending that the defendant be placed under the supervision of the California authorities. At that time the defendant was subject to immediate arrest upon entry into California on a burglary charge and the California authorities were not disposed to accept the defendant as a probationer. The court then relinquished jurisdiction and ordered that the sentence as previously announced was to become effective. Neither the defendant nor his attorney were given notice of the court's intention to make such an order and neither appeared before the court at the time the order was entered.

Defendant was paroled in October of 1976 and his parole was transferred to California for supervision. The California burglary charges had been dismissed.

Appellant contends that the district court erred in failing to give him notice and the opportunity to appear at the time the order relinquishing jurisdiction and effectuating the execution of sentence was entered. He also claims he was denied his constitutional right to assistance of counsel at a criminal proceeding in that his attorney was not notified and did not appear at that time.

Appellant first argues that the district court was required by I.C.R. 43 to allow him to be present at the time the order relinquishing jurisdiction was entered. I.C.R. 43 reads in part, "The defendant shall be present * * * at the imposition of sentence". Appellant contends that his sentence was imposed on March 17, when the court relinquished jurisdiction and ordered: "the sentence as heretofore pronounced shall become effective." The state, on the other hand, argues that the sentence was "imposed" on November 18, and that it was the *execution* of the sentence which was postponed until March 17. We agree with the state's contention.

I.C. § 19–2601(4) reads as follows:
"Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:

\* \* \* \* \* \*

4. Suspend the execution of the judgment at any time during the first one hundred and twenty (120) days of a sentence to the custody of the state board of correction, during which time the court shall retain jurisdiction over the defendant which jurisdiction shall be entered on the order of commitment, and place the defendant on probation under such terms and conditions as it deems necessary and expedient, notwithstanding that the term of the court during which such defendant was convicted or sentenced may have expired; upon application of the state board of correction and for good cause shown,

**474**

the court may extend the period under which it retains jurisdiction of the defendant an additional sixty (60) days." With reference to this provision, appellant first notes that the terms "judgment" and "sentence" are in a legal sense synonymous. See 21 Am.Jur.2d, Criminal Law, § 525 (1965). Appellant then points out the distinction between the *imposition* of a sentence and the *execution* of a sentence. In *Kriebel v. United States*, 10 F.2d 762 (7th Cir. 1926), the court stated,

> "The imposition of a sentence means laying the sentence upon the defendant, that is, the act of sentencing him; the imposition of a sentence and the execution of it are two different things, and the suspension of one is a different thing from the suspension of the other."

■ Here, the "act of sentencing" occurred on November 18. By retaining jurisdiction for 120 days pursuant to I.C. § 19–2601(4), the court then suspended the execution of the already imposed sentence. The order of March 17, 1976 thus effectuated the execution of the sentence. The sentence having previously been imposed, no hearing under I.C.R. 43 was necessary.

This conclusion also disposes of appellant's contention that the court's failure to provide him with notice and an opportunity to be heard violated certain of his constitutional rights. In *State v. Carver*, 94 Idaho 677, 496 P.2d 676 (1972), this court stated:

> "The right to be personally present at one's trial for a felony or serious offense is embodied in Amendments Six and Fourteen of the United States Constitution, Idaho Const. art. 1, § 7 and § 13 * * * Broadly speaking, a defendant's right to be present in the courtroom at each stage of his trial has been denominated a 'basic right' guaranteed by the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. (Citations omitted)"

■ The imposition of sentence is a stage of the trial requiring these constitutional protections. *Thomas v. Hunter*, 153 F.2d 834 (10th Cir. 1946). Appellant's sentence was imposed on November 18 and he

was present at that time. The aforementioned guarantees of the Sixth and Fourteenth Amendments were therefore provided.

Appellant, however, argues further that even though his sentence was not imposed on March 17, the order entered at that time worked a revocation of his probation. Appellant notes that this court has held that when probation is revoked the defendant must be afforded a hearing. See *State v. Edelblute*, 91 Idaho 469, 424 P.2d 739 (1967); *State v. Moore*, 93 Idaho 14, 454 P.2d 51 (1969).

■ I.C. § 19–2601(4) specifies that the court may retain jurisdiction over the defendant for a period of 120 days. At the termination of the 120 day period, the court's retained jurisdiction of the defendant is not "revoked" but merely expires and the requirements of *Edelblute* and *Moore* in a probationary situation need not be provided. In *Edelblute* this court stated:

> "In probation revocation proceedings while the probation violation need not be proved within the strict framework of a criminal trial, nevertheless a probationer is entitled to judicial process which contemplates a hearing. The legal status of a probationer is placed in the limbo between citizenship's complete constitutional protection and the loss of civil rights. Thus, although the full scope of Constitutional Due Process, U.S.Const., Amend. XIV; Idaho Const. art. I, § 13, may not encompass proceedings pertinent to probation (citations omitted), nevertheless, fundamental considerations of fairness and sound judicial administration cannot tolerate an arbitrary deprivation of a probationer's liberty. * * *."

As indicated, a hearing must be provided to prevent an "arbitrary deprivation of a probationer's liberty." When such concern is not present, however, a hearing need not be afforded the defendant. Such is the case here. The termination of the statutory 120 day period does in no sense constitute an arbitrary deprivation of liberty. One cannot be deprived of something which he

has not been granted. Appellant has received the full 120 days, and there is nothing left of which to be deprived which would necessitate a hearing.

Appellant therefore states no right to a hearing. As such, neither has he been denied assistance of counsel.

Order affirmed.

DONALDSON and BISTLINE, JJ., SCOGGIN, D. J. (Ret.), and DUNLAP, D. J. (Ret.), concur.