571 P.2d 336

Monty Paul BELKNAP, Petitioner-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 12388.

Supreme Court of Idaho.

Nov. 17, 1977.

Charles F. McDevitt and Gary E. Lofland, for petitioner-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for defendant-respondent.

PER CURIAM.

Petitioner-appellant Monty Belknap was convicted of second degree burglary in the First Judicial District of the State of Idaho. He was sentenced to three (3) years at the Idaho State Correctional Institute, the trial court retaining jurisdiction for 120 days pursuant to I.C. § 19–2601. On December 20, 1976, the court entered an order terminating its jurisdiction. Belknap filed a motion to appear before the court to rebut any unfavorable evaluation reports. That motion was denied and no appeal was taken.

In the meantime, Belknap was notified that the State of Missouri was considering extradition proceedings to remove him to Missouri. He filed a petition for a writ of habeas corpus contending that detention of him at the Correctional Institute in Boise was a "serious abuse of judicial discretion by the State of Missouri * * *." The writ was denied by the Fourth Judicial District. Basically, the court held that Belknap had stated no claim for release and that Missouri had not done anything yet which the court could declare invalid. Belknap appealed this denial to the Supreme Court.

On appeal, however, the only issues presented by Belknap in his brief address the termination of the retained 120 day jurisdiction. Belknap asserts that he should have been granted a hearing at the end of the 120 days before the court relinquished jurisdiction and executed the sentence.

That issue was decided in the recent case of *State v. Ditmars,* Idaho, 567 P.2d 17 (1977). There we held that a hearing is not required before the retained 120 day jurisdiction is terminated. The termination is not the imposition of a sentence, but merely the execution of a sentence previously imposed. Further, the 120 day period is not a time of probation so probation revocation proceedings are not required upon termination. Consistent with that ruling, we hold that Belknap is not entitled to a hearing.

In addition, we have no reason to believe the district court erred in denying the writ of habeas corpus. The record before this Court does not disclose that Missouri is actually seeking extradition or that any acts repugnant to law have been committed by the State of Missouri or the State of Idaho.

The district court order is affirmed.