638 P.2d 889

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jose LOPEZ, Defendant-Appellant.**

No. 13804.

Supreme Court of Idaho.

Dec. 18, 1981.

Herman E. Bedke and Douglas R. Whipple, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Lance D. Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Following a three-day jury trial, appellant was found guilty of lewd and lascivious conduct with a child under sixteen years of age, in violation of I.C. § 18–6607.[1] The

---

1. Since appellant's trial was commenced prior to our decision in *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981), it was necessary under I.C.

§ 18–6607, that the testimony of the prosecutrix be corroborated. *E.g., State v. Tisdel*, 101

appellant is a Mexican National who at the time of trial and sentencing understood little English. The child involved was appellant's step-daughter who at the time of the incident was nine years old. Following the preparation of a presentence report, a sentencing hearing was held and judgment rendered. The trial court retained jurisdiction for 120 days under I.C. § 19–2601(4). On May 7, 1980, the trial court without conducting a hearing and after reviewing recommendations received from the Idaho State Board of Corrections relinquished its jurisdiction.

Two issues are presented: (1) whether the trial court abused its discretion in imposing sentence and (2) whether the appellant was entitled to a hearing in the trial court before that court relinquished its 120 days retained jurisdiction.

 Sentencing is committed to the trial judge's discretion and appellant has the burden of showing a clear abuse of that discretion. *E.g., State v. West*, 102 Idaho 562, 633 P.2d 1140 (1981); *State v. Bowcutt*, 101 Idaho 761, 620 P.2d 795 (1980); *State v. Stroup*, 101 Idaho 54, 607 P.2d 1328 (1980). A sentence that is within the limits prescribed by the applicable statutes ordinarily will not be considered an abuse of discretion. *E.g., State v. West, supra; State v. Birrueta*, 101 Idaho 915, 623 P.2d 1292 (1981). The maximum sentence which could have been imposed under I.C. § 18–6607 is "a term of not more than life."

The sentencing transcript reveals that the trial judge, in reaching his decision, considered: (1) the presentence report and its attachments, (2) the serious effects that the crime would have on the child, (3) the defendant's character and rehabilitation prospects, (4) the appropriateness of probation, (5) the societal interest in the case, and (6) arguments by counsel. This Court concludes that the appellant has not demon-

strated that the trial court has clearly abused its sentencing discretion.

With respect to appellant's second allegation of error, a hearing before the trial court was not required as a condition precedent to that court's relinquishing its 120 days retained jurisdiction. *Belknap v. State*, 98 Idaho 690, 571 P.2d 336 (1977); *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977), *cert. den.*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978).

Affirmed.

---

Idaho 52, 607 P.2d 1326 (1980); *State v. Froelich*, 96 Idaho 685, 535 P.2d 658 (1975).

Neither the issue of corroboration nor a possibly related issue regarding the admission of stipulated polygraph results was raised on this appeal and neither are determined. An exami-

nation of the literature reveals that the admission of stipulated polygraph results in criminal trials has remained controversial. *See, e.g., State v. Dean*, 103 Wis.2d 228, 307 N.W.2d 628 (1981) (polygraph results inadmissible).