732 P.2d 697

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Earl Walter WILLIAMS,
Defendant-Appellant.**

**No. 16364.**

Court of Appeals of Idaho.

Jan. 30, 1987.

Petition for Review Denied April 30, 1987.
See 112 Idaho 796, 736 P.2d 848.

Robert Jerry Van Idour, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

PER CURIAM.

Earl Williams pled guilty to one count of aggravated assault. The district judge imposed a five-year indeterminate sentence and he retained jurisdiction for 120 days under I.C. § 19–2601(4). At the end of the 120–day period, the judge relinquished jurisdiction, allowing the prison sentence to continue. On appeal, we are asked to decide whether the district judge erred (1) by relinquishing jurisdiction without a hearing, and (2) by failing to state reasons for his decision. We affirm the judge's order.

The facts may be stated briefly. Earl Williams threatened his live-in girl friend with a knife on several occasions. The girl friend reported the incidents to the police. Williams was charged with two counts of aggravated assault. Pursuant to negotiations with the prosecutor, Williams pled guilty to one count and the second count was dismissed. The prosecutor also agreed to recommend that the judge retain jurisdiction over Williams for 120 days. The judge accepted the plea and followed the prosecutor's recommendation. As the 120–day period drew to a close, the staff of the North Idaho Correctional Institute provided the judge a report on Williams' progress. The staff noted some probation risk in Williams' case but recommended that he be granted probation in his home state of California if authorities there would agree to supervise him. However, the judge rejected the recommendation and relinquished jurisdiction. No hearing was conducted. The judge's order stated that he had considered the contents of the NICI report, but it gave no reasons for his decision to override the staff recommendation. This appeal followed.

■ Williams' first contention is that the trial judge deprived him of due process by relinquishing jurisdiction without a hearing. He argues that the United States Supreme Court has required notice and an opportunity to be heard in the federal system when a convicted defendant is committed to the custody of the Attorney General for further evaluation under 18 U.S.C. 4205(c) (formerly codified at 18 U.S.C. 4208(b)). *See United States v. Behrens*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). However, the Idaho Supreme Court, apparently perceiving differences between the state and federal statutory schemes, has held repeatedly that the district court need not conduct a hearing before relinquishing jurisdiction. *State v. White*, 107 Idaho 941, 694 P.2d 890 (1985); *State v. Schrom*, 105 Idaho 769, 673 P.2d 71 (1983); *State v. Lopez*, 102 Idaho 692, 638 P.2d 889 (1981); *State v. Phillips*, 99 Idaho 354, 581 P.2d 1173 (1978); *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977). Our Supreme Court has declared that any due process rights a convicted and sentenced defendant may possess are satisfied by an administrative hearing conducted at the NICI before a recommendation is submitted to the judge. *State v. White, supra; State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). These decisions are controlling. We conclude that the district court in the present case did not err by failing to conduct a hearing before relinquishing jurisdiction.

■ Williams next contends that the judge erred by failing to state reasons for his decision. The argument is not without merit. Practitioners are well aware of this Court's efforts to require that reasons be stated for felony sentencing decisions. *See State v. Nield*, 105 Idaho 153, 666 P.2d 1164 (Ct.App.1983); *State v. Tisdale*, 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982). In *Tisdale* we noted that appellate review of sentencing discretion should not be result-oriented but should focus on the reasoning process leading to the judge's decision. "The standards [of sentence review] de-

pend, for their proper application, upon a reasoned statement by the sentencing judge of his view on the case. Our role as an appellate court is to see that sentencing discretion is soundly exercised in accord with applicable criteria." 103 Idaho at 837, 654 P.2d at 1390. However, as practitioners also know, a majority of our Supreme Court has disagreed. Exercising its power of review in the *Nield* case, the Court held that statements of reasons for sentencing decisions, while helpful and encouraged, are not mandatory. *State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984).

We are unsure whether the Supreme Court, if confronted with this issue today, would reach the same conclusion. The Court recently has held that a trial judge must disclose his reasons for granting or denying a motion for a new trial in a civil case. *See Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986). In his well-reasoned opinion for the Court, Chief Justice Donaldson described the difficulty of appellate review where a trial court fails to elucidate its reasoning: "[H]ow can we truly say that the trial court has not abused its discretion when we do not know the reasons for its ruling on the new trial motions? How can we state that the trial judge correctly applied the standard for each new trial motion when all he tells us is that he grants or denies them based on this or that rule?" *Id.* at 771, 727 P.2d at 1199. *See also Soria v. Sierra Pacific Airlines, Inc.*, 111 Idaho 594, 726 P.2d 706 (1986). The same difficulty exists in review of sentencing decisions. Indeed, it may be argued that the need for stated reasons is even stronger in a retained jurisdiction case where, as here, the judge overrides an NICI staff recommendation.

Nevertheless, we are unable to see how we could impose a narrow requirement of stated reasons in the case before us without reopening the broader issue of mandating statements of reasons for sentencing decisions in other contexts. We deem ourselves constrained by existing authority until the Supreme Court modifies its position. The district judge was not required to state his reasons for relinquishing jurisdiction.

The result he reached cannot be characterized, on its face, as an abuse of discretion. Accordingly, the order relinquishing jurisdiction is affirmed.