736 P.2d 1379

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Charles HALL, Defendant-Appellant.**

No. 16340.

Court of Appeals of Idaho.

April 30, 1987.

Dennis R. Byington, Burley, for defend-ant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a judgment of conviction upon a plea of guilty to lewd and lascivious conduct with a minor. The appeal was taken when the district court relinquished jurisdiction over the defendant-appellant Charles Hall after Hall was evaluated under the auspices of the State Board of Correction. Hall contends the court erred by relinquishing jurisdiction without first affording him a hearing. He also asserts that he was denied due process under the board's procedures when the board recommended that jurisdiction be relinquished by the court. We affirm.

Hall was charged with sexually abusing his ten-year old stepdaughter. Pursuant to a plea bargain agreement, Hall pled guilty

to one count of lewd and lascivious conduct with a minor under sixteen. The district court sentenced Hall to the custody of the board of correction for an indeterminate ten-year term, but retained jurisdiction for 180 days. The court recommended that Hall receive treatment at the North Idaho Correctional Institution (NICI) under the sexual offender program and the alcohol abuse program. While at NICI, Hall's performance and adherence to the rules of the institution were evaluated by the staff. This evaluation included a psychological examination. At the end of Hall's 180 day stay, the Jurisdictional Review Committee at NICI prepared a report recommending to the sentencing judge that jurisdiction over Hall be dropped. Based on the report, the district judge relinquished jurisdiction, thus requiring Hall to serve out the remainder of his ten-year sentence instead of being placed on probation. Although Hall has indicated that his appeal is from the judgment of conviction, the substance of Hall's appeal is a challenge to the court's relinquishment of jurisdiction. As noted, Hall asserts that he was denied due process because the district court did not hold a hearing at the time it relinquished jurisdiction. Incidental to this argument are assertions that Hall's due process rights were violated because he was not able to call his own psychologist as a witness or to have an attorney to cross-examine the psychologist who prepared the report for NICI.

■ In *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), the Idaho Supreme Court held that a defendant is not entitled to a court hearing when the district court relinquishes jurisdiction after a period of retained jurisdiction. As part of this appeal, Hall invites us to reverse *Ditmars*. However, the Supreme Court specifically declined to overrule *Ditmars* in *State v. White*, 107 Idaho 941, 694 P.2d 890 (1985). In accord with the Supreme Court's decision in *White*, reaffirming *Ditmars*, we decline Hall's invitation. Thus, Hall was not entitled to a court hearing before jurisdiction was relin-

quished. *See also State v. Williams*, 112 Idaho 459, 732 P.2d 697 (Ct.App.1987).

Subsequent to its decision in *Ditmars*, the Supreme Court did make significant changes with regard to the due process rights of a defendant who is subject to retained jurisdiction. In *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), the Court held that a prisoner, as well as the state, has a substantial interest in the fairness of the process which determines the status of the prisoner. 99 Idaho at 387, 582 P.2d at 733. The Court acknowledged that due process included an administrative hearing before the committee which prepared the evaluation report and made recommendations to the sentencing judge. The Court pointed out that the report must be fair and recognized that it was prepared for the benefit of the sentencing judge, not for the NICI officials. The Court stated:

Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

99 Idaho at 389, 582 P.2d at 735. In *White, supra*, the Supreme Court held that these procedural safeguards adequately furnish a defendant, who is subject to retained jurisdiction, with due process.

From the record before us, we conclude that the procedures followed by NICI in this case met the standards required by *Wolfe*. Upon his arrival at NICI, Hall was informed that he would have a hearing (denominated a "recommendation hearing") before the Jurisdictional Review Committee. Hall's recommendation hearing, originally scheduled for November 18, 1985, was rescheduled for December 2, 1985.

928

Hall was notified of the November 18th hearing in June, 1985 and was notified of the rescheduling at least twenty days prior to the new date.[1] At the December recommendation hearing, Hall signed a document entitled "Rights of Inmates at NICI Concerning Jurisdictional Review Hearings." That instrument advised Hall the committee would recommend relinquishing jurisdiction. The document further indicated that the staff's comments—regarding Hall's performance at NICI—had been read to him. The document informed Hall that he would reappear before the committee the next day and it identified the substance of the matters to be considered at that hearing. The document also included the following statements:

I have been advised that I have the following rights:

1. I may explain or rebut any testimony or recommendations made by the committee.

2. I may call witness on my behalf from among the staff or the inmate population at NICI. I request the following witnesses be called:

Hall did not list any witnesses that he wished to call at the hearing.

■ The next day Hall reappeared before the Jurisdictional Review Committee. At that hearing, termed the rebuttal hearing, Hall signed a document entitled "Final Jurisdictional Review (Extension/Retention)." That document begins with a standardized statement saying "I have had adequate time to consider the intended recommendation of the Jurisdictional Review Committee to my judge of jurisdiction, I hereby request the following[.]"[2] Below this sentence on the form, the inmate is permitted three options: (1) that the committee consider the inmate's "statement/rebuttal" before making its recommendation, and (2) that the committee consider statements from the inmate's witnesses before

making a recommendation. Option (3) states that the inmate "do[es] not wish to exercise my rights." On Hall's form, he indicated only that he wanted the committee to consider his "statement/rebuttal." A summary of that statement was included as an attachment to the form. The summary indicates the committee did consider Hall's statements and rebuttal, but still recommended relinquishment of jurisdiction. These documents, including the written comments of the NICI staff and the psychological evaluation, were submitted to the sentencing judge. The judge accepted the committee's recommendation and relinquished jurisdiction. Based on the due process requirements as delineated by *Wolfe*, we conclude that Hall received all the due process to which he was entitled.

■ In regard to Hall's assertion that he was not allowed to have an attorney to cross-examine the psychologist at the hearings, this Court addressed that same issue in *Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App.1982). In *Schmidt* we were urged to extend the *Wolfe* requirements to include assistance of counsel at hearings during a period of retained jurisdiction. We stated:

We presume that the Idaho Supreme Court considered the possibility of such a requirement when it rendered the decision in *Wolfe* and settled on the limited safeguards espoused in that decision. In our view it would be inappropriate, and unjustified in the instant case, for us to impose an additional procedural requirement of assistance of counsel in such matters. We hold that the district court did not err in determining that, by the authority of *Wolfe*, Schmidt was not entitled to counsel at [the hearing for recommendation on relinquishing jurisdiction].

103 Idaho at 349, 647 P.2d 805. We continue to adhere to our ruling in *Schmidt*. Moreover, we reach the same conclusion

1. Hall does not assert that he failed to receive reasonable notice of the substance of his evaluation reports. *See State v. Shofner*, 103 Idaho 767, 653 P.2d 1179 (Ct.App.1982) (Burnett, J., specially concurring.)

2. Although termed a "request," we note that the committee has no discretion whether to hear the inmate's rebuttal or statement if he chooses to make one. *Wolfe* mandates that the prisoner "must be given an opportunity to explain or rebut any testimony or recommendation." 99 Idaho at 389, 582 P.2d at 735.

with regard to Hall's assertions that he should have been allowed to call his own psychologist. Not only did Hall fail to indicate that he wanted to do so (presumably at his own expense), but *Wolfe* makes clear that the prisoner is free to call witnesses "from among the employees and other prisoners at NICI." If the psychologist was an "employee" of NICI, presumably Hall could call him as a witness on Hall's behalf. We decline, however, to extend this right to witnesses other than the personnel and inmates under the supervision and control of the board of correction. Accordingly, we find no error in the procedure under which Hall was evaluated. We affirm the judgment of conviction, including the district court order relinquishing jurisdiction.

SWANSTROM, J., concurs.

BURNETT, Judge, dissenting.

When a criminal defendant is sentenced in a felony case, he is entitled to procedural safeguards embodied in Rules 32 and 33, I.C.R. These safeguards include the assistance of counsel, the right to defend against adverse information and an opportunity to submit favorable information. Under current Idaho case law, the defendant's rights are significantly diminished if a court retains jurisdiction and authorizes an evaluation under I.C. § 19–2601(4). The evaluation occurs in an administrative setting where there is no right to counsel and no right to call witnesses other than staff members and employees of the North Idaho Correctional Institution. *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Neither is the defendant entitled to a judicial hearing after the administrative process is completed. *E.g., State v. White*, 107 Idaho 941, 694 P.2d 890 (1985); *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978). Thus, if a material issue in sentencing is not addressed by the court, outside the administrative process, the defendant will lose the benefit of his rights under Rules 32 and 33. That, I think, has happened in the present case.

The apparent rationale for creating two different sets of rights is found in *Wolfe* and *Ditmars*. There the Supreme Court adopted the view that a sentence is fully imposed when the judge pronounces it— even though the judge retains jurisdiction. Any subsequent grant of probation is treated as a detached act of judicial grace, not as a continuing part of an integrated sentencing process. I respectfully question this view. In many (if not most) cases, jurisdiction is retained because the judge is genuinely undecided about the final sentence and seeks further information. Our Court has noted that "retaining jurisdiction has come to be regarded as a means of extending the time to evaluate a defendant's suitability for probation." *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982).

Even if I accepted the proposition that a defendant's evaluation during retained jurisdiction is somehow separable from the entire sentencing process, I still would be concerned about the defendant's loss of rights when a material issue in sentencing is left to the administrative process. In this case, the central issue in sentencing was the defendant's psychological condition. Charles Hall committed a sex offense against a minor. The offense and the background related to it need not be detailed here. It suffices to say that the need for a psychological evaluation was manifest. Rule 32(b)(10), I.C.R., provides that a presentence report "should include a complete summary of the presentence investigator's view of the psychological factors surrounding the commission of the crime or regarding the defendant individually which the investigator discovered." The presentence report in this case contained no such "summary" of "psychological factors." Indeed, the presentence investigator's sole comment on Hall's mental health was as follows: "Defendant advised that he has never been involved in mental health/psychological treatment or counseling." No psychological evaluation was recommended. Neither did the district judge exercise his discretionary authority to order such an evaluation as part of the presentence process. *See* I.C.R. 32(d).

Rather, the judge pronounced sentence and retained jurisdiction, expressing his expectation that the defendant would receive an evaluation in the sex offenders' program at the NICI. This approach, though undoubtedly well-intended, had the practical effect of shifting development of a material issue from a judicial proceeding, where procedural safeguards are provided by rule, to an administrative proceeding where, under *Ditmars* and *Wolfe*, procedural rights are greatly diminished.

The evaluation at the NICI turned upon the psychological examination conducted there. The examiner was a clinical psychologist engaged in private practice, with whom the NICI had contracted for professional services. After the examiner submitted his report, Hall was notified of the evaluation committee's intent to recommend that jurisdiction be "dropped." This notice gave the following reason:

> As far as your deportment and work habits were concerned, all staff were very complimentary. There was no problem in this area. The psychological report however indicates there is some very serious concern that you are a high risk to reoffend.... [Y]our contention that you do not remember actually committing the offense and your dependency upon women along with long term alcohol abuse are all prime ingredients making future sexual abuse likely. A secondary problem also indicated, lack of insight[,] is your projection of blame on to your wife.

The psychologist's report may well have been perfectly accurate. But it was not tested by the scrutiny it would have received if submitted to the court during the presentence phase. At a judicial proceeding Hall would have been afforded the assistance of counsel in reviewing the report, in confronting the psychologist and in presenting any evidence that would shed a more favorable light upon his mental condition. At the NICI, Hall was on his own. He had no attorney nor any right to request one. He even lacked a right to call the psychologist as a witness, and to ask him questions, because the psychologist was neither a member of the staff nor an "employee" of the institution.

In sum, shifting the psychological examination from the presentence phase to an administrative proceeding removed the central issue in sentencing from a disciplined, two-sided inquiry contemplated by Rules 32 and 33. Deferring an examination until Hall was at the NICI meant not only that the examination would be conducted at a different place, but also that it would be subject to no meaningful challenge. The unchallenged psychological report led to an administrative recommendation which, in turn, led to a judicial decision, without a hearing, to relinquish jurisdiction.

This result was not inevitable and is not immutable. Although a judicial hearing is not *required* when jurisdiction is relinquished, a court *may* hold such a hearing. In my view, the court *should* do so in unusual cases like this one, where a material issue is developed for the first time in an administrative forum where rights secured by Rules 32 and 33 are not recognized. Accordingly, I would vacate the order relinquishing jurisdiction and remand the case to the district court for a hearing.