812 P.2d 322

STATE of Idaho, Plaintiff–Respondent,

v.

Raymond Earl BELL,
Defendant–Appellant.

No. 18525.

Court of Appeals of Idaho.

June 4, 1991.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., argued, for plaintiff-respondent.

SWANSTROM, Judge.

Raymond Bell pled guilty to sexual abuse of a minor. I.C. § 18–1506(1)(a). He appeals following the district court's order relinquishing jurisdiction in his case and committing him to the Idaho State Board of Correction to serve a previously imposed sentence of ten years with a five-year minimum period of confinement. Bell contends that the court imposed an excessive sentence. He also contends that the district court violated his due process rights when it relinquished jurisdiction and denied him probation. We affirm.

Bell was charged with the sexual abuse of his six-year old niece who was in his charge while her father was at work and her mother was in the hospital. The presentence report on Bell described previous sexual contacts with children, including two of his nephews, an arrest for sodomy and lewd conduct in California, and several battery charges. Each of these activities involved alcohol, which Bell admitted incites his physical desires for children.

We first address Bell's claim that his sentence was excessive if due consideration is given to factors in his background. Bell alludes to his having been abandoned as a child and having been abused physically and sexually throughout his childhood. Bell implores this court to review his sentence in light of this neglect and mistreatment that have made him the person that he is.

On a sentence review case, we must determine whether the lower court abused its sentencing discretion. *See, e.g., State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). When a sentence is imposed under the Unified Sentencing Act, the appellate court primarily focuses upon the minimum period of confinement specified by the sentencing judge. *State v. Leyva,* 117 Idaho 462, 788 P.2d 863 (Ct. App.1990). Generally, a sentence within the limits prescribed by statute will not be considered an abuse of discretion. *State v. Reese,* 98 Idaho 347, 563 P.2d 405 (1977).

Idaho Code § 18–1506(1)(a) carries a maximum sentence of fifteen years for the crime of sexual abuse of a minor. Bell's sentence of ten years, with five years fixed, is well within the scope of the punishment allowed by the statute. However, a sentence within the statutory maximum can be viewed as an abuse of discretion if it is unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). To assess whether a sentence is reasonable requires that the reviewing court make an independent examination of the record, having regard to the nature of the offense and the character of the offender. *State v. Parker,* 117 Idaho 527, 789 P.2d 523 (Ct.App.1990).

In imposing Bell's sentence, the district judge recognized the seriousness of the charge, which in and of itself warranted a period of incarceration in the state penitentiary. The judge was also aware that this was not an isolated event, and that Bell previously had been involved in some very serious acts of sexual deviancy. In order to obtain a more complete evaluation of Bell's behavior, the district judge advised that he was retaining jurisdiction, so that Bell could be placed in the North Idaho Correctional Institution at Cottonwood (NICI). At the same time, he stated on the record, "I am not holding out any hope for [you] to ultimately be placed on probation," but he indicated that he would consider the reports received from the Cottonwood facility.

At the sentencing proceedings, Bell offered testimony to correct the presentence report insofar as his prior record was con-

cerned. He explained that the battery charges did not involve children, and he indicated that the charges coming out of California had been dismissed. As noted in the report, he admitted to past sexual encounters with his sister's boys, when they were ten and twelve years old. Bell has not shown how the reports presented to the sentencing judge were misleading or inaccurate. Bell was rated by the staff at NICI as having a high risk of re-offense, and the recommendation was that Bell be denied probation. The sentence satisfactorily takes into account Bell's individual circumstances and character, as revealed by the record. *See State v. Johnson,* 101 Idaho 581, 618 P.2d 759 (1980). Bell has not shown that his sentence was an abuse of discretion. We uphold the sentence.

The second issue in this appeal raises a question of violation of due process rights in the relinquishment of jurisdiction. Bell argues that his rights were violated because he was denied counsel at his institutional review hearings and because the procedures used at the review hearing were inadequate. He also asserts his rights were violated when the court relinquished its jurisdiction, ordering execution of Bell's sentence without holding another hearing. Advocating the position taken by the dissent of Justice Bakes in *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978), and later by Justice Bistline's dissent in *State v. White,* 107 Idaho 941, 694 P.2d 890 (1985), Bell contends that the procedures guaranteeing due process to a defendant at the stage in the proceedings when the court considers whether to continue retaining jurisdiction encompass a right to an attorney and an opportunity to address the sentencing judge before retained jurisdiction is relinquished.

█ We apply the abuse of discretion standard of review also to the district court's choice of probation over confinement. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973). Unless appellant shows that there was a "clear abuse of discretion" in the trial court's decision that a suspended sentence and probation would be inappropriate under I.C. § 19–2521, the court's

decision will not be overturned on appeal. *See State v. Spurgeon,* 107 Idaho 175, 687 P.2d 19 (Ct.App.1984). In applying constitutional standards to the facts found, however, our review of a claim of due process violation is one of free review. *See Sandpoint Convalescent Services, Inc. v. Idaho Department of Health and Welfare,* 114 Idaho 281, 756 P.2d 398 (1988).

█ In the record we find that a hearing was held before the NICI Jurisdiction Review Committee on October 2, 1989. At that time, because of a delay in placing Bell at NICI, he had been in the program for only thirty-nine days and the committee requested an extension of the retained jurisdiction period to complete its evaluation. The court granted the extension. Bell signed a waiver of rebuttal for this hearing. On November 27, 1989, a second committee hearing was held. Bell testified in rebuttal on the following day, but he presented no other witnesses or supplemental evidence. Ultimately, the committee recommended that the court relinquish its jurisdiction in favor of protecting society by incarcerating Bell because Idaho lacked the treatment programs that would be required to rehabilitate Bell. Our review of the record convinces us that the procedures of the jurisdictional review committee complied with the requirements of *State v. Wolfe, supra,* 99 Idaho at 389, 582 P.2d at 735. The presence and assistance of counsel is not required at such a hearing. *Id.; Schmidt v. State,* 103 Idaho 340, 349, 647 P.2d 796, 805 (Ct.App.1982).

As stated in *State v. Ditmars,* 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied,* 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), it is at the pronouncement of sentence where the defendant is accorded the constitutional protections that Bell seeks, including the presence and assistance of counsel required under I.C.R. 43(a) and I.C. § 19–2503. *State v. Lawrence,* 112 Idaho 149, 730 P.2d 1069 (Ct.App.1986). A termination of the retained jurisdiction is neither an imposition of sentence nor revocation of a probation and, in that regard, no hearing is required. *Belknap v. State,* 98 Idaho 690, 571 P.2d 336 (1977).

**1018**

Particularly on point, our Supreme Court has held "that when the sentencing judge issues an order relinquishing retained jurisdiction, a hearing is not required, nor is the defendant entitled to the assistance of counsel at that stage of proceedings." *State v. Wolfe, supra,* 99 Idaho at 389, 582 P.2d at 735; *see also Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App.1982). In this case, the court entered the order relinquishing jurisdiction on December 15, 1989, the effect of which was to execute the sentence which had been imposed on June 26, 1989. *See State v. Ditmars, supra; see also State v. Omey,* 112 Idaho 930, 736 P.2d 1384 (Ct.App.1987). We find that the action of the district court complies with existing law and grants to Bell all of the protections he is due. Therefore, we affirm the judgment of conviction, including the sentence imposed, and we affirm the district court's order relinquishing jurisdiction.

WALTERS, C.J., and SILAK, J., concur.