836 P.2d 550

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas Leslie HYDE, Defendant–Appellant.**

**No. 19608.**

Court of Appeals of Idaho.

Aug. 6, 1992.

Monte R. Whittier of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Douglas Leslie Hyde pled guilty to one count of aggravated assault, I.C. §§ 18–901(b), 18–905(a), and 18–915(b). The district court imposed a sentence of five years imprisonment with a minimum period of incarceration of two years. The district court then suspended the sentence and placed Hyde on probation. After Hyde violated his probation, the district court revoked his probation, ordered the sentence into execution, and retained jurisdiction for 180 days during which time Hyde was eval-

uated at the North Idaho Correctional Institution (NICI). Upon the recommendation of the Jurisdictional Review Committee (the Committee) at NICI, the court relinquished jurisdiction. Hyde then filed a motion for an evidentiary hearing to review the Committee's recommendation. After oral argument, the district court denied the motion and refused to hold such a hearing. Hyde appeals. We affirm.

■ Hyde argues that the district court violated his constitutional right to due process by not holding an evidentiary hearing to determine whether to relinquish jurisdiction. As a preliminary matter, we address the state's argument that the due process issue was not raised below. Issues that are not raised at trial cannot be raised on appeal. *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). Hyde asked the district court to review the Committee's report to determine whether it erred in evaluating him. Hyde argues that the district court was not able to assess the sincerity of his desire to abstain from the use of alcohol, to receive treatment, and to control his temper. Hyde also argues that the Committee inappropriately considered his past history of violence and that the Committee's report contains no facts upon which the court could base a decision to relinquish jurisdiction. Essentially, Hyde asked the district court for judicial review of the Department of Corrections' recommendation. Based on the nature of Hyde's request, we conclude that the due process issue was raised below; therefore, we will address the merits of his argument.

■ Hyde makes no claim that the procedural safeguards provided to him at the administrative hearing before the Committee were obstructed or were inadequate. Instead he argues that the constitutional guarantee of due process requires that he be given a judicial evidentiary hearing before the district court relinquishes jurisdiction. In *State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977), *cert. denied* 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), our Supreme Court held that a defendant is not entitled to a hearing when the district court relinquishes jurisdiction after a period of retained jurisdiction. The Supreme Court specifically declined to

overrule *Ditmars* in *State v. White*, 107 Idaho 941, 694 P.2d 890 (1985). As stated in *Ditmars*, it is at the pronouncement of sentence where the defendant is accorded the constitutional protections that Hyde seeks. *Ditmars*, 98 Idaho at 474, 567 P.2d at 19; *State v. Bell*, 119 Idaho 1015, 1017, 812 P.2d 322, 324 (Ct.App.1991). A termination of the retained jurisdiction is neither an imposition of sentence nor a revocation of a probation, and therefore no hearing is required. *Bell*, 119 Idaho at 1017, 812 P.2d at 324 (citing *Belknap v. State*, 98 Idaho 690, 571 P.2d 336 (1977)). In this case, the action of the district court complied with existing law and granted to Hyde all the protections he was due. For this reason, we affirm the order of the district court denying Hyde's motion for an evidentiary hearing to review the Committee's recommendation.

WALTERS, C.J., and SWANSTROM, J., concur.