835 P.2d 1374

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terry Criss DENNY, Defendant–Appellant.**

**No. 19596.**

Court of Appeals of Idaho.

Aug. 14, 1992.

Robert C. Naftz of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for appellant.

Larry J. EchoHawk, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen., Boise, argued, for respondent.

SILAK, Judge.

Terry Criss Denny pled guilty to the following crimes: one count of operating a motor vehicle while under the influence of alcohol (DUI), I.C. §§ 18–8004, 18–8005(3), a felony; one count of driving without privileges, I.C. § 18–8001, a misdemeanor; one count of resisting and obstructing an officer, I.C. § 18–705, a misdemeanor; and one count of operating a vehicle without the owner's consent, I.C. § 49–227, a misdemeanor. The district court imposed a sentence of five years' imprisonment with a minimum period of incarceration of two years for the felony DUI. The district court also imposed sentences of thirty days in jail for each misdemeanor with all three

terms to run concurrently. The district court retained jurisdiction for 180 days, but following a hearing at which Denny appeared through his attorney, the court relinquished jurisdiction and ordered the execution of the sentence. The court later denied a motion for reconsideration. Denny appeals the district court's order relinquishing jurisdiction. We affirm.

The facts of the case are as follows. Denny was committed to the North Idaho Correctional Institution (NICI) on June 19, 1991. On September 2, 1991, he met with the Jurisdictional Review Committee. The Committee advised him that it planned to recommend that the district court relinquish jurisdiction. Denny received a written statement of the Committee's reasons for its recommendation. Denny was advised that he had the right to rebut any of the information being considered by the Committee. He was also advised that he could call witnesses on his behalf from among the staff or inmate population at NICI. Denny went before the Committee and requested consideration of his oral and written statements before the Committee made its recommendation to the district court. After considering his statements, the Committee decided to recommend to the district court that it relinquish jurisdiction.

The district court held a hearing on October 1, 1991, at which Denny's counsel appeared and argued. After considering the report of the jurisdictional review committee, the presentence investigation (PSI) report, and the arguments of counsel, the court relinquished jurisdiction. On October 8, 1991, Denny filed a Motion for Reconsideration, pursuant to I.C.R. 35, asking the court to reconsider its order relinquishing jurisdiction. The court once again heard argument, but denied the motion. This appeal followed.

■ Denny argues that the district court violated his constitutional right to due process by not holding an evidentiary hearing to determine whether to relinquish jurisdiction. The state argues that this due process issue was not raised to the trial court. We have reviewed the record and find that Denny did not request that the

district court hold an evidentiary hearing prior to relinquishing jurisdiction. Issues not raised at the level of the trial court may not be raised for the first time on appeal. *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *see also State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991). An exception to this rule is where the argument made for the first time on appeal implicates fundamental rights. *Mauro*, 121 Idaho at 180, 824 P.2d at 111. According to the authority of *State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977), *cert. denied* 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), a defendant is not entitled to an evidentiary hearing when the district court relinquishes jurisdiction after a period of retained jurisdiction. *See also State v. White*, 107 Idaho 941, 694 P.2d 890 (1985) (refusing to overrule Ditmars). As stated in *Ditmars*, it is at the pronouncement of sentence where the defendant is accorded the constitutional protections that Denny seeks. *Ditmars*, 98 Idaho at 474, 567 P.2d at 19; *State v. Bell*, 119 Idaho 1015, 1017, 812 P.2d 322, 324 (Ct.App.1991). A termination of retained jurisdiction is neither an imposition of sentence nor a revocation of a probation and, in that regard, no hearing is required. *Bell*, 119 Idaho at 1017, 812 P.2d at 324 (citing *Belknap v. State*, 98 Idaho 690, 571 P.2d 336 (1977)). Thus, a hearing before the trial court is not required as a condition precedent to that court's relinquishing its retained jurisdiction under I.C. § 19–2601(4). *State v. Lopez*, 102 Idaho 692, 638 P.2d 889 (1981); *State v. Williams*, 112 Idaho 459, 460, 732 P.2d 697, 698 (Ct.App.1987).

■ Accordingly, since there is no fundamental right to a hearing before the district court relinquishes jurisdiction, Denny's assertion of error, raised for the first time on appeal, does not implicate fundamental error, and we may not consider it.

The order of the district court relinquishing jurisdiction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.