653 P.2d 1179

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Daniel J. SHOFNER, Defendant-Appellant.**

**No. 13499.**

Court of Appeals of Idaho.

Nov. 10, 1982.

Eric T. Nordlof and Alan Wasserman (former firm Nordlof & Loats), Coeur d' Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael B. Kennedy, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Daniel Shofner pled guilty to second degree burglary and received an indeterminate five year sentence in the custody of the Board of Corrections. Pursuant to I.C. § 19–2601, the district court retained jurisdiction over Shofner for one hundred twenty days. Shofner was sent to the North Idaho Correctional Institution (NICI) for evaluation and rehabilitative training, with the possibility that the district judge could later suspend his sentence and place him on probation. The court later extended jurisdiction for an additional sixty days. Near the end of this period, the court, following the recommendation of the classification committee at NICI, relinquished jurisdiction, and left Shofner in the custody of the Board of Corrections to serve the remainder of his sentence. Shofner has appealed the order relinquishing jurisdiction. We affirm.

Shofner raises two issues in this appeal. Both concern the adequacy of the procedures employed by the NICI staff in appraising his candidacy for probation. First, he contends that these procedures did not conform to the standards set by the Idaho Supreme Court in *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), and therefore resulted in a denial of due process of law. Second, he asserts that by following the recommendation of an inadequate NICI report, the district court abused its discretion in relinquishing jurisdiction.

Shortly after Shofner arrived at NICI, he was informed he would be evaluated by the staff on the basis of his ability to abide by the institution's rules and regulations. Shofner was given a copy of the evaluation form used by the staff. He was also given a date on which he would later appear before a classification committee where he would be given the staff reports and recommendations concerning his suitability for probation. Near the end of the evaluation period he appeared before the classification committee as scheduled. The reports were made known to Shofner, as was the committee's proposed recommendation to the sentencing judge that jurisdiction be extended for sixty more days. The committee offered Shofner a chance to rebut any of the staff comments and to present witness-

es from among the staff or inmates to testify in his behalf. Shofner declined to exercise either of these rights.

The committee based its initial recommendation, that jurisdiction be retained, on observations by nine staff members and by one of the members of the classification committee itself. While the majority of the staff members felt that Shofner would succeed in probation, others expressed reservations. In its report, the classification committee concluded that Shofner was a marginal probation candidate, and that the period of retained jurisdiction should be extended. The district court ordered the extension.

During the extended period, the classification committee met again to consider Shofner's case. At this meeting, the committee had only six staff member reports and the report of one committee member to consider in appraising Shofner's progress. However, the staff's evaluations were less ambivalent and sharply more negative than those presented at the previous meeting. Some of the evaluators, whose prior reports had been somewhat positive, observed that Shofner's behavior had deteriorated during the sixty-day extension. The reports of three staff members recommended that the court relinquish jurisdiction. Three staff members recommended probation, but two of those noted that Shofner had serious attitude problems. The classification committee read each of these reports to Shofner and advised him of the recommendation the committee intended to make to the district judge. It again offered Shofner the chance to present evidence or testimony in rebuttal. Again Shofner declined to do so. The classification committee therefore recommended to the court that it relinquish jurisdiction rather than grant probation. Shofner now claims on appeal that he was denied his right to a comprehensive, accurate and fair report from NICI.

In *State v. Wolfe, supra,* the Idaho Supreme Court determined that a prisoner has a sufficient interest in the fairness of the NICI evaluations to invoke procedural due process requirements of the Fourteenth Amendment and Article I, Section 13 of the Idaho Constitution. The court thus held the NICI classification committee must follow certain minimal procedures to ensure the completeness and fairness of its reports. The court enumerated these procedures as follows:

> The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI.

99 Idaho at 389, 582 P.2d at 735.

From the record before us, it is clear that the procedures followed in evaluating Shofner met the basic standards set forth in *Wolfe.* The classification committee gave Shofner at least a month's notice of each hearing. Shofner was informed that the committee would consider his performance at the institution, particularly his ability to abide by its rules and regulations. On both occasions the committee informed Shofner of his right to explain or rebut the staff members' reports and to call witnesses on his behalf. On both occasions he chose not to do so. If the committee reports were not as comprehensive or as favorable as he now wishes they might have been, it was not because the classification committee denied Shofner the chance to present his side of the case.

Shofner asserts that *State v. Wolfe, supra,* entitled him to a "comprehensive" report from NICI evaluating his readiness for probation. He contends that the participation of only six staff members, rather than nine, in the final classification hearing somehow made his NICI report deficient and denied him due process. We reject this argument for two reasons.

First, while there is language in *Wolfe* stressing the need for fair, accurate, and comprehensive NICI reports, the court in its holding confined itself to setting forth the minimal procedures required to satisfy due process. The court observed that its proce-

dural guidelines would help ensure that the reports are as complete and fair as possible. 99 Idaho at 389, 582 P.2d at 735. The court did not hold that NICI reports must be "comprehensive," nor did it specify how many staff members must participate in the process of evaluating each prisoner.

Second, in reviewing the record, we believe that Shofner's final NICI report was both complete and fair. We have already noted that in handling Shofner's case the classification committee complied with the procedural guidelines enumerated in *Wolfe.* The fact that only six, rather than nine, staff members participated in compiling Shofner's final report did not detract from its completeness. Five of the six staff members who participated in the final review noted that Shofner had serious behavioral problems. In recommending that the district court should not grant probation, the committee did not act capriciously or ignore the evidence. It based its conclusion on the evidence before it, almost all of which was unfavorable to Shofner. Shofner had the chance to rebut this evidence and explain his position but declined to do so. Upon the record before us, Shofner has demonstrated nothing unfair in the committee's treatment of his case.

The district judge received the committee's recommendation that jurisdiction be dropped. This recommendation included all seven of the staff reports evaluating Shofner's behavior during the last sixty days of his stay at NICI. It showed the district judge that Shofner offered no rebuttal or explanatory statements to the adverse reports. On this record we conclude the district judge did not abuse his discretion in following the committee's recommendation. We affirm the order relinquishing jurisdiction.

WALTERS, C.J., concurs.

BURNETT, Judge, concurring specially.

As noted in today's opinion, our Supreme Court has held that a prisoner who is being evaluated at NICI, under retained jurisdiction, "must be given adequate notice before the [classification committee] hearing, including the substance of all matters that will be considered." *State v. Wolfe,* 99 Idaho 382, 389, 582 P.2d 728, 735 (1978). In the present case, the record on appeal does not disclose whether Shofner was informed of the substance of his evaluation reports *before* the classification hearings were conducted at NICI. The record reveals only that Shofner was given advance notice of the hearing dates and of the institutional rules and regulations he was expected to obey. The evaluation reports concerning his performance apparently were read to him *during* each hearing.

In my view, the better practice—and the practice more in keeping with *Wolfe* —would be to inform a prisoner of the substance of the evaluation reports a reasonable time before his classification hearing. These reports are the heart of the evaluation process. If a prisoner does not learn the substance of the reports until the hearing itself, he may be unable to prepare an explanation or a rebuttal of any adverse assessments.

In this case, Shofner has challenged the general fairness of NICI procedures. However, it is Shofner's obligation to make an appropriate showing of error in the record on appeal. Error will not be presumed. *Wolfe,* 99 Idaho at 390, 582 P.2d at 736. Insufficient notice will not be surmised from a record which is silent on that point. Moreover, in both of his classification hearings, Shofner expressly declined to explain or to rebut the adverse reports; and he did not ask for additional time to study them. Thus, Shofner has shown neither error nor any resultant prejudice. Under these circumstances, I join the Court's decision to affirm the order relinquishing jurisdiction.