672 P.2d 1078

STATE of Idaho, Plaintiff-Respondent,

v.

Maurice Alexander TURNER, Defendant-Appellant.

No. 14659.

Court of Appeals of Idaho.

Dec. 6, 1983.

G. LaMarr Kofoed, Fruitland, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Mark Shuster, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Maurice Turner pled guilty to the robbery of a store. He appeals, contending the district court abused its discretion by choosing to impose an indeterminate fifteen-year sentence rather than placing him on probation. He also argues that the prosecutor violated an agreement not to make a recommendation to the court in regard to sentencing. We hold that no reversible error occurred and affirm the sentence.

## I. DENIAL OF PROBATION

The length of the sentence chosen in place of probation has not been put at issue; rather this appeal focuses upon the choice itself. Turner attacks, from two perspectives, the court's choice to deny him probation. He contends, first, that the court abused its discretion at the time of sentencing, when it imposed a prison sentence rather than granting probation. As an alternative, he also contends the court abused its discretion later, at the expiration of a period of 120 days during which the court had retained jurisdiction under I.C. § 19–2601(4), when it relinquished jurisdiction and did not place him on probation under a suspended sentence.

### A

We turn first to the sentencing proceeding. Turner's presentence report showed he had a history of alcohol abuse and that he was intoxicated when the robbery was committed. He requested the court to consider a sentence which would allow treatment and therapy for alcoholism, rather than penitentiary incarceration.

At the sentencing hearing, the court considered the criteria set forth in I.C. § 19–2521(1) to determine whether probation would be appropriate. *See State v. Tisdale,* 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). As noted below, the court followed the statute in this case. After hearing evidence in mitigation of punishment and after reviewing Turner's presentence report, the court declined to grant probation. Instead, the fifteen-year indeterminate sentence was imposed, subject to the court's retained jurisdiction.

The court outlined the following reasons for choosing the sentence over probation. There was an undue risk that Turner would commit another crime while on probation. Turner would not be "safe" on probation because of his long history of alcohol and drug abuse. Turner was in need of correctional treatment, which could be provided most effectively by commitment to an institution. A "lesser sentence" would depreciate the seriousness of the crime. Imprisonment would provide appropriate punishment to Turner and deterrence both to Turner and to others who might be inclined to commit robberies. Finally, the court

considered Turner's past criminal record, including prior penitentiary incarcerations in both California and Washington.

■ The reasons stated by the court satisfy the criteria to be considered under I.C. § 19–2521, in determining whether a sentence of imprisonment should be imposed as an alternative to probation. Those reasons are supported by the record in this case. We hold that the court did not abuse its discretion by initially concluding that a sentence of imprisonment, rather than probation, was appropriate.

### B

At the expiration of the 120 day period during which the court retained jurisdiction, another hearing was held. Witnesses were called to testify by both the state and Turner. Letters supportive of probation for Turner—together with a report from the board of correction which had been prepared during the retained jurisdiction period—were submitted to the court. The report submitted by the board contained a psychologist's evaluation. The psychologist stated, in part:

> Mr. Turner beleives [sic] he can rehabilitate himself through: (1) his current religious convictions; (2) attending Alcohol Rehabilitation Center in Ontario, Oregon, for 120 days upon his release; (3) acceptance into a job at Enterprise 62 as a general helper there; (4) attempts to re-establish his marital relationship; and (5) involvement in an "outreach" program or volunteer effort to help others regain control over their lives.
>
> Although it is unusual for a person with Mr. Turner's behavior pattern and history to convince anyone he can succeed in these goals, it is possible that with a high degree of structured external controls he may have a chance.
>
> It is, in my opinion, impossible to predict his success at controlling or eliminating the substance abuse. Without a replacement, such as the above-mentioned ef-

forts, he could easily regress into that style of life. Presently, he has made great effort into setting up his rehabilitative process and seems sincere.

Reviewing this report, the court said:

> I was looking for an unequivocal recommendation for probation. Otherwise, at the time I entered that order for a 120-day program, it was my thought that society should be protected from him by incarceration or institutionalization.
>
> I do not see an unequivocal recommendation. There are such things as he's going to get along all right if he has a high degree of structured external controls. We know very well under our system in Idaho, as under-funded as it is, that there's not going to be a probation officer see him more than once a month, and there won't be any high degree of external controls. And then it is my opinion impossible to predict his success at controlling or eliminating the substance abuse.

■ The court determined that probation for Turner was not feasible. The court found it was in the best interests of Turner, and of society, that the balance of the fifteen-year sentence be served in custody, as an alternative to probation. From our review of the record in this case, we are unpersuaded the court abused its discretion when it relinquished its jurisdiction in favor of the term of imprisonment.

### II. PROSECUTOR'S AGREEMENT

When Turner entered his guilty plea, the prosecuting attorney disclosed to the court that the state had agreed, in exchange for the plea, not to make any recommendation to the court regarding the imposition of any sentence. In response to that representation, the court noted that a prosecutor's recommendation, even if one were made, was not binding on the court.[1] At the sentencing hearing, the state's attorney reiterated that he had agreed to not make a

---

1. See our recent decision to the same effect, *State v. Rossi*, 105 Idaho 681, 672 P.2d 249 (Ct.App.1983).

sentencing recommendation, but rather would leave the matter of sentencing solely up to the discretion of the court. No recommendation was made by the state.

Turner urges that the prosecutor later violated the agreement, during the hearing at the expiration of the period of retained jurisdiction. At that hearing, the prosecutor, with permission from the court, was allowed to call as a witness Turner's father-in-law, who gave testimony "most unfavorable" to Turner's request for probation. Turner suggests the prosecutor accomplished indirectly—through the testimony of an adverse witness—that which he had agreed not to do directly, i.e., make a sentencing recommendation. Further, by pointing to several comments made by the prosecutor to the court at the conclusion of the hearing, Turner argues that the prosecutor's remarks constituted sentencing recommendations.

## A

In respect to the testimony of Turner's father-in-law, the record shows that such testimony was presented only after the prosecutor had explained:

> Your Honor, in this matter, at the time that the defendant originally entered his plea of guilty, I represented to [defense counsel] that I would leave it to the Court's discretion in this matter. That is my intention at this time.

> However, the defendant's father-in-law did come in and talk to me ... and voiced his desire to let it be known some feelings he had in the matter, and I indicated to him I could accommodate him by having him appear today under oath and explain some of the problems that he feels exist as far as the probationary situation is concerned. And [he] is here, and I will call him as a witness.

> But as far as the State making a specific recommendation, per my agreement

with [defense counsel], I will leave that to the discretion of the Court.

■ Turner interposed no objection to allowing this witness to testify.[2] The testimony was elicited, not as a part of the initial sentencing process, but rather as part of the court's determination whether the sentence should be suspended and the defendant placed on probation at the expiration of the period of retained jurisdiction, 120 days after the sentence had been imposed. It is well established that, in the process of determining whether a grant of probation is appropriate, the trial court necessarily must be permitted to evaluate a broad range of information about the defendant's personality, and very little information about a defendant will be irrelevant to the effort of the law to individualize treatment of convicted persons. *State v. Moore,* 93 Idaho 14, 454 P.2d 51 (1969). In our view, the production of the testimony from Turner's father-in-law, a person acquainted with Turner and who desired to make his feelings known to the court, was relevant to the probation issue. Because it was offered without objection from the defendant, it was not a violation of the prosecutor's agreement to make no recommendation regarding sentencing.

## B

The comments of the prosecutor, which Turner contends amounted to sentencing recommendations, occurred on two different occasions during the hearing. We will address those occasions separately.

The first incident may be characterized as a recommendation by the prosecutor for a condition of probation in the event Turner was placed on probation. After evidence had been submitted concerning possible probation for Turner, Turner and his counsel addressed the court. At the conclusion of their remarks, the court asked the prosecu-

2. Turner did, however, object to two responses given by the witness during the course of his testimony. One was an objection to hearsay information and the other was to the "expression of thoughts and feelings." Both objec-

tions were overruled; the court stated that it would give appropriate weight to the testimony. Neither of these rulings is at issue on this appeal.

tor if he wished to respond to anything that had been said. The prosecutor replied:

No, your Honor. The only thing I would ask the Court is that in the event the Court determines it is proper to place Mr. Turner on probation, that as a special condition of that probation, that he be excluded from consuming alcoholic beverages.

Turner did not object to the statement of the prosecutor; nor did he ask that it be stricken or disregarded by the court. The prosecutor's observation was not inconsistent with Turner's own plan, submitted to the court, for treatment and rehabilitation relating to his alcohol dependency. The court did not adopt the prosecutor's suggestion, because Turner was not placed on probation. We conclude that the prosecutor's statement, if it constituted a breach of the agreement to not make any sentencing recommendation, did not result in any prejudice to Turner. It was therefore harmless error, if indeed it was error at all.

The second incident, which Turner contends violated the agreement to not make a recommendation, occurred at the conclusion of the hearing. After the court had decided to relinquish jurisdiction and leave the fifteen-year sentence in effect, Turner's counsel made an oral motion to the court to reduce the sentence to five years. The court asked the prosecutor if the state had any position on that request. The prosecutor responded, stating in effect that he was in agreement with the sentence which had been imposed by the court. The court then denied Turner's motion to reduce his sentence.

We hold that the prosecutor's approval of the sentence did not violate the agreement regarding recommendation of a sentence. As noted, those remarks were solicited by the court in response to an oral motion by Turner's counsel to reduce the fifteen-year sentence to five years. The prosecutor's comments were not offered as a recommendation at the time of sentencing and they were made after the court had decided to relinquish jurisdiction. A prosecutor's agreement to make no recommendation only at the time of sentencing is not violated when the prosecutor later resists a motion by a sentenced defendant to reduce his sentence. *See United States v. Ligori,* 658 F.2d 130 (3d Cir.1981); *United States v. Mooney,* 654 F.2d 482 (7th Cir.1981); *United States v. Arnett,* 628 F.2d 1162 (9th Cir.1979); *and Bergman v. Lefkowitz,* 569 F.2d 705 (2d Cir.1977).

The indeterminate sentence of fifteen years is affirmed.