690 P.2d 936

The STATE of Idaho, Plaintiff-Respondent,

v.

Charles Patrick TISDALE, Defendant-Appellant.

No. 15034.

Court of Appeals of Idaho.

Oct. 22, 1984.

Petition for Review Denied Jan. 21, 1985.

**482**

James J. May and Jon J. Shindurling (argued), of May, May, Sudweeks & Shindurling, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Steven W. Berenter, Deputy Atty. Gen., for plaintiff-respondent.

WALTERS, Chief Judge.

Charles Tisdale pled guilty to voluntary manslaughter, I.C. § 18–4007. He received a ten-year, indeterminate sentence. The sentence was vacated on appeal because the district court did not give any reason for the sentence, and the case was remanded for resentencing. *State v. Tisdale*, 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982). Following remand, Tisdale was again sentenced to an indeterminate ten-year term, with the district court stating its reasons for the sentence imposed.[1]

In this appeal, Tisdale contends the district court, on resentencing, abused its sentencing discretion in two respects. First, he urges that the indeterminate sentence of ten years was unreasonable in light of the testimony and evidence presented during his resentencing hearing. Second, he asserts the court abused its discretion by refusing to grant a suspended sentence and probation. We hold that the court did not abuse its discretion in either respect, and we affirm the sentence.

I

The circumstances of the offense are as follows. Charles Tisdale and his wife had an argument in a bar in Twin Falls. She left, met the victim and entered his automobile. They drove to a neighboring town, purchased some beer and returned to the Tisdale residence, where they parked in the driveway. Shortly thereafter, Charles Tisdale arrived in his own vehicle, exited his automobile with a handgun, and shot the

---

**1.** It is not now required in Idaho that a court state any reasons whatsoever for the imposition of a sentence. Our earlier decision in *State v. Tisdale, supra,* has been overruled by the Idaho Supreme Court. In *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983) (plurality decision), that Court said:

> We note that while the setting forth of reasons for the imposition of a particular sentence would be helpful, and is encouraged, it is not mandatory. To the extent that *Tisdale* is inconsistent with the views expressed herein, it is overruled.

104 Idaho at 810, 663 P.2d at 1112. A majority of the court later expressed the same view. *See State v. Brewster,* 106 Idaho 145, 676 P.2d 720 (1984) *and State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984).

victim while the victim was still in the car with Mrs. Tisdale. After initially charging second degree murder, then first degree murder, the prosecutor ultimately reduced the charge to voluntary manslaughter, to which Tisdale pled guilty.

■ I.C. § 19–2521 provides criteria for deciding whether to place a defendant on probation or to impose a sentence of imprisonment. The sentencing court must consider the need to protect the public in light of "the nature and circumstances of the crime and the history, character and condition of the defendant."[2] Our review of the trial court's decision to impose a sentence of imprisonment is limited to whether, under all the circumstances, the sentencing court abused its discretion. *State v. Lloyd,* 104 Idaho 397, 659 P.2d 151 (Ct.App.1983).

■ The court explicitly considered each of the statutory criteria. The judge found that all of the imprisonment factors applied to this case and that none of the mitigating factors justified leniency. Tisdale disputes that the evidence presented at the sentencing hearing justified a finding that he is likely to commit crimes in the future, that he is in need of correctional treatment which can be provided most effectively by his commitment to an institution, or that he is a multiple offender. A careful reading of the record does indicate the trial judge may have misunderstood portions of the report prepared by the investigating psychiatrist. Also, because the most serious offenses previously committed by Tisdale occurred ten to fifteen years before the homicide for which he is charged, the classification of Tisdale as a multiple offender may be entitled to diminished weight. But even if there is a dispute as to some of the reasons given by the court, the remaining, unattacked reasons may be sufficient to support the sentence. Here, Tisdale does not dispute the trial court's conclusion that a lesser sentence would depreciate the seriousness of the crime or that imprisonment would provide an appropriate punishment or deterrent for Tisdale or other persons in the community. In our view, the decision to impose a sentence of imprisonment was a reasonable application of the criteria in

2. 19–2521. *Criteria for placing defendant on probation or imposing imprisonment.*—(1) The court shall deal with a person who has been convicted of a crime without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, it is of the opinion that imprisonment is appropriate for protection of the public because:

(a) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; or

(b) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(c) A lesser sentence will depreciate the seriousness of the defendant's crime; or

(d) Imprisonment will provide appropriate punishment and deterrent to the defendant; or

(e) Imprisonment will provide an appropriate deterrent for other persons in the community; or

(f) The defendant is a multiple offender or professional criminal.

(2) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of avoiding a sentence of imprisonment:

(a) The defendant's criminal conduct neither caused nor threatened harm;

(b) The defendant did not contemplate that his criminal conduct would cause or threaten harm;

(c) The defendant acted under a strong provocation;

(d) There were substantial grounds tending to excuse or justify the defendant's criminal conduct, through failing to establish a defense;

(e) The victim of the defendant's criminal conduct induced or facilitated its commission;

(f) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that was sustained; provided, however, nothing in this section shall prevent the appropriate use of imprisonment and restitution in combination;

(g) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime;

(h) The defendant's criminal conduct was the result of circumstances unlikely to recur;

(i) The character and attitudes of the defendant indicate that the commission of another crime is unlikely.

(3) When a person who has been convicted of a crime is not sentenced to imprisonment, the court may place the defendant on probation if the supervision, guidance, assistance or direction is needed that the probation service can provide.

**484**

I.C. § 19–2521, taken as a whole. Accordingly, Tisdale has failed to show an abuse of discretion by the trial court in choosing imprisonment over probation.

## II

Our review of the ten-year indeterminate sentence is guided by the analysis in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence within the statutory maximum will not be deemed excessive unless the appellant shows that under any reasonable view of the facts the term of confinement is longer than appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. For the purpose of appellate review, the date of first parole eligibility is the benchmark for measuring the term of confinement imposed by an indeterminate sentence. *State v. Pettit,* 104 Idaho 601, 661 P.2d 767 (Ct.App.1983). In this case, Tisdale will first be eligible for parole after serving forty months of the sentence. I.C. § 20–223.

We do not believe the trial court abused its discretion by imposing an indeterminate ten-year prison sentence. The reasons given by the judge for choosing confinement over probation also identify a sound basis for the ten-year sentence. Deterrence and retribution are appropriate considerations under *Toohill.* Even if Tisdale were unlikely to commit similar acts of violence in the future, substantial confinement could deter others from resorting to violence. Moreover, the public has a legitimate interest in retribution when a tragic and senseless crime is committed. "[T]he public interest demands that our criminal justice system convey a clear message, through the sentencing process, that the use of deadly force in domestic strife—or in other emotional conflicts—is condemned by society and will be firmly punished." *State v. Pettit, supra* 104 Idaho at 603, 661 P.2d at 769. We conclude the trial court

did not abuse its discretion by imposing the ten-year indeterminate sentence.

The sentence is affirmed.

BURNETT, and SWANSTROM, JJ., concur.