774 P.2d 351

STATE of Idaho, Plaintiff–Respondent,

v.

Ronald D. AVERILL,
Defendant–Appellant.

No. 17691.

Court of Appeals of Idaho.

May 22, 1989.

Jeff M. Brudie, Knowlton, Miles & Merica, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent.

---

PER CURIAM.

This is an appeal from an order of the district court relinquishing retained jurisdiction under I.C. § 19–2601(4). We affirm the order.

The appellant, Ronald Averill, pled guilty to first-degree burglary after he was arrested for stealing several cases of beer during the nighttime from a cafe in Lewiston, Idaho. The court withheld judgment and placed Averill on probation for five years. Averill was twenty years old at the time. After Averill had been on probation for about one year, the state reported to the court that Averill had violated conditions of his probation. Averill admitted the state's allegations and the court entered an order finding him to be in violation of his probation. The court revoked Averill's probation, rescinded the order withholding judgment and entered a judgment of conviction. The court committed Averill to the custody of the Board of Correction for an indeterminate period not to exceed five years.[1] However, the court also retained jurisdiction for a period of 120 days pursuant to I.C. § 19–2601(4).

Near the expiration of the retained-jurisdiction period, the court received an evaluation report from the Board's jurisdictional review committee. The committee recommended relinquishment of jurisdiction by the court, determining that "[u]nder the best of circumstances [Averill's] ability to successfully complete probation is marginal."

Following receipt of that report, correspondence was received by the court from the defendant and others asking the court for a sixty-day extension of the period of retained jurisdiction. Although an order to this effect was not entered, the court did in fact allow extra time before deciding whether to relinquish jurisdiction. At the end of the extended time the court reviewed Averill's presentence report, the report of the jurisdictional review committee, and correspondence favorable to Averill. The court determined that jurisdiction should be relinquished and that Averill should remain in the custody of the Board of Correction. An order accordingly was entered.

On appeal, Averill argues that the court abused its discretion by relinquishing jurisdiction over his case. After due consideration, we are not persuaded that any abuse of discretion occurred.

The purpose of the retained jurisdiction statute, I.C. § 19–2601(4), is to allow the sentencing court additional time to evaluate a defendant's rehabilitation potential and his suitability for probation. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App.1984). The decision whether to relinquish jurisdiction or to grant probation rests within the sound discretion of the sentencing court. *State v. Turner*, 105 Idaho 748, 672 P.2d 1078 (Ct.App.1983); *State v. Shofner*, 103 Idaho 767, 653 P.2d 1179 (Ct.App.1982). For example, in *Turner*, the sentencing court determined that probation was not feasible and that the balance of Turner's sentence should be served in custody, as an alternative to probation. We reviewed the record in that case and determined that the lower court did not abuse its discretion when it relinquished jurisdiction in favor of the term of imprisonment. 105 Idaho at 750, 672 P.2d at 1080. In *Shofner*, we found no abuse of discretion when the district court followed the recommendation of the jurisdictional review committee to relinquish jurisdiction in that case. 103 Idaho at 770, 653 P.2d at 1182.

Here, the record shows that Averill did not successfully complete the first opportunity for rehabilitation afforded by the court through probation under the order withholding judgment. The information provided by the jurisdictional review committee during the period of retained jurisdiction discloses that Averill lacks maturity, job skills and education needed to become self-sufficient. The committee essentially determined that these deficiencies could better be remedied within the Board's institutional environment than under a probation program.

---

1. The burglary to which Averill pled guilty occurred prior to the effective date of the Unified Sentencing Act, I.C. § 19–2513; hence no minimum period of confinement was specified.

 

Presented with all of this information, the district court decided that its jurisdiction over Averill should not be retained further but instead that custody should remain with the Board. We cannot say the district court abused its discretion in this regard. The order relinquishing jurisdiction is affirmed.