811 P.2d 500

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ricky D. ROBISON, Defendant–Appellant.**

No. 18744.

Court of Appeals of Idaho.

May 1, 1991.

Petition for Review Denied June 25, 1991.

Orndorf, Peterson & Hawley, Boise, for defendant-appellant. Thomas D. Widman, argued.

Larry EchoHawk, Atty. Gen., Michael Kane and Michael A. Henderson (argued),

Deputy Attys. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Ricky Robison pled guilty to one count of injuring another by the reckless handling of a firearm, I.C. § 18–3312, one count of aggravated assault on a police officer, I.C. §§ 18–905, 18–915, and one count of resisting and obstructing a police officer, I.C. § 18–705. The district court sentenced Robison to six months in jail for the first count and one year in jail for the third count; however, the district court imposed a unified sentence of ten years in the custody of the Board of Correction with a minimum period of confinement of five years for Robison's aggravated assault upon a police officer. Robison does not challenge the imposition of the two jail sentences; he challenges only the imposition of the prison sentence. He argues that the district court abused its discretion by refusing to impose a suspended sentence and place him on probation. Robison argues that the district court disregarded evidence of Robison's suitability for rehabilitation and imposed the sentence with concern only for the goals of retribution and deterrence. For the reasons stated below, we affirm.

On August 2, 1989, the police chief for the city of Shoshone, a second police officer, and two emergency medical technicians (EMTs) went to Robison's trailer-home in response to a call to the 911 emergency dispatch service. When they arrived, they found that Robison's live-in girlfriend (hereinafter referred to as the "victim") had been shot in the head and was unconscious. According to one of the EMTs, who later testified at Robison's sentencing hearing, the victim appeared to be dying.

The EMTs attempted to help the victim. Robison, apparently distraught because of the victim's condition, began behaving in an erratic manner. He went to the bedroom and got a gun. When he came out, he pointed the gun alternately at himself and at all the other persons in the room. According to testimony at the sentencing hearing, Robison pointed the weapon back and forth between the EMTs and the police in a slow, deliberate movement. He pointed it at one police officer three times. At the sentencing hearing, the EMT testified that it appeared that Robison "was going to shoot wherever the gun [was] pointing. [H]e didn't care how many people he shot at that night if there was no point in living. He had no regard for my life, either."

During the time the police were talking to Robison and attempting to disarm him, the EMTs were afraid to move. Consequently, the victim, who was bleeding from a gunshot wound to the head, did not receive treatment for three to four minutes. The police officers eventually disarmed Robison and attempted to handcuff him. A scuffle ensued outside the trailer and the officers finally subdued him.

Robison originally was charged with one count of attempted murder, one count of assault on a police officer, and three counts of battery on a police officer. After plea negotiations, an I.C.R. 11 agreement was entered into, and Robison pled guilty to one count of injuring another by the reckless handling of a firearm, one count of assault on a police officer, and one count of resisting and obstructing a police officer.

A presentence investigation report indicated that Robison had a blood alcohol concentration of .14% at the time he was arrested. Robison admitted having been drinking at a bar earlier on the night of the incident. Robison has had four other minor conflicts with the law, all of them involving alcohol or the use of controlled substances. A letter from the victim which was attached to the presentence report stated that Robison had a drinking problem and an obsession with guns.

Robison maintained that he did not remember what happened that night. He initially told the emergency 911 dispatch service that the victim had shot herself. He said that when the police came, he was in a state of shock and that he must have gone "berserk." He said, "I loved her so much I wanted to die too."

The presentence report indicates that Robison comes from a stable family situation. He has a good relationship with both his mother and father. He has been married

once before but maintains a friendly relationship with his ex-wife and is conscientious about providing financial support for the daughter of that marriage. Robison was honorably discharged from the armed forces in 1982 and maintained steady employment until the time this incident occurred.

Robison does not claim that his sentence for aggravated assault on a police officer exceeds the statutory maximum. The maximum sentence for this felony is ten years. I.C. § 18–915(b); *see also* I.C. § 18–906. The primary responsibility for sentencing rests within the discretion of the trial judge. *State v. Delin,* 102 Idaho 151, 152, 627 P.2d 330, 331 (1981). In evaluating sentences imposed under the Unified Sentencing Act, I.C. § 19–2513, the minimum fixed period generally will be treated as the probable measure of confinement for the purpose of sentence review. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989); *see also State v. Kysar,* 116 Idaho 992, 783 P.2d 859 (1989). We will not speculate as to a possible term of confinement beyond the minimum term because the Commission of Pardons and Parole is vested with the discretion to grant or deny parole at any time after the completion of the fixed term until the expiration of the indeterminate term. I.C. § 19–2513; *see State v. Bartlett,* 118 Idaho 722, 800 P.2d 118 (Ct.App.1990). Because Robison's sentence is within the statutory maximum, we will uphold it on appeal unless our review of the record indicates that the sentencing court abused its discretion. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

Robison contends that there was not sufficient evidence before the court to establish that a suspended sentence and probation would be inappropriate. He asserts an abuse of discretion in the decision of the district court not to place him on probation. In *State v. Chapel,* 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct.App.1984), we addressed this issue as follows:

> The purpose of the retained jurisdiction statute, I.C. § 19–2601(4), is to allow the trial court additional time to evaluate

the defendant's rehabilitation potential and suitability for probation. Probation is the ultimate objective sought by a defendant who asks a court to retain jurisdiction. *State v. Toohill,* 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982). The choice of probation is committed to the sound discretion of the trial court. *Id.* The standard of review of sentencing decisions, including those where probation is an issue, is the "clear abuse of discretion" standard. The "clear abuse" standard should focus on the criteria set forth in I.C. § 19–2521. Refusal to retain jurisdiction will not be deemed a "clear abuse of discretion" if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19–2521. *Id.*

The transcript of the sentencing hearing reflects the court's proper consideration of the factors relating to the grant or denial of probation under I.C. § 19–2521. I.C. § 19–2521(1)(c) provides that imprisonment is appropriate where "[a] lesser sentence will depreciate the seriousness of the defendant's crime." I.C. § 19–2521(1)(e) provides that imprisonment is appropriate where "[i]mprisonment will provide an appropriate deterrent for other persons in the community." The district court indicated a deep concern for the seriousness of the crime against the police officers. The court emphasized the necessity to preserve the safety and the authority of law enforcement officers. Specifically, the court said it did not want other people in Lincoln County to get the message that it is acceptable to brandish firearms at police officers. We have previously held that general deterrence is a sufficient basis for the imposition of a period of incarceration. *See State v. Allison,* 112 Idaho 572, 574, 733 P.2d 793, 795 (Ct.App.1987), *citing State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). The court also properly considered the factors enumerated in I.C. § 19–2521(2) which mitigate against the imposition of a term of imprisonment. We hold that the district court did not abuse its discretion by

imposing a prison sentence upon Robison rather than placing him on probation.

■ At oral argument of this appeal, Robison also argued that the district court abused its discretion by considering Robison's live-in relationship with his girlfriend. While questioning Robison prior to imposing sentence, the district court commented that Robison had committed "multiple misdemeanors" as a result of this living arrangement. Robison did not raise this issue in his appellate brief; rather, he raised this issue for the first time during oral arguments before this Court. Generally, an issue which neither party has raised or argued in their briefs will not be considered on appeal. I.A.R. 35; *State v. Hoisington,* 104 Idaho 153, 159, 657 P.2d 17, 23 (1983). However, I.A.R. 35(a)(4) also provides that an appellant's statement of the issues will be deemed to include every subsidiary issue fairly comprised therein. Therefore, we will consider Robison's contention that the district court improperly considered his living arrangement with his girlfriend.

■ In determining whether to grant or deny probation, the trial court necessarily must be permitted to evaluate a broad range of information about the defendant's personality, and very little information about a defendant will be irrelevant to the effort of the law to individualize treatment of convicted persons. *State v. Moore,* 93 Idaho 14, 17, 454 P.2d 51, 54 (1969); *State v. Turner,* 105 Idaho 748, 751, 672 P.2d 1078, 1081 (Ct.App.1983). There is nothing in this record to indicate that the district court actually or improperly considered any uncharged misdemeanors when imposing sentence upon Robison. In addition, even if the district court's consideration of this information had been improper, the district court stated other sufficient and appropriate reasons to support the sentence. *See State v. Tisdale,* 107 Idaho 481, 483, 690 P.2d 936, 938 (Ct.App.1984). The district court's remarks at sentencing, taken as a whole, do not constitute an abuse of discretion. *See State v. Cornwall,* 95 Idaho 680, 684, 518 P.2d 863, 867 (1974); *Tisdale, supra.*

■ Robison also argues that the district court abused its discretion because his sentence is excessive. The defendant has the burden of demonstrating that the trial court abused its discretion in a sentencing matter. *State v. McPhie,* 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). Reasonableness is a fundamental requirement in the exercise of discretion at sentencing. *State v. Nice,* 103 Idaho at 90, 645 P.2d at 324. Several factors are relevant in deciding whether a particular sentence is reasonable. The primary consideration in sentencing is the good order and protection of society; though humanitarian considerations and rehabilitation are important to our society, they cannot be allowed to control or defeat punishment, or to force our courts to ignore or subordinate other factors to the detriment of our society. *See State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

■ A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). The reasonableness of the sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The transcript of the sentencing hearing reflects the district court's proper consideration of these factors.

The district court had before it the presentence investigation report which indicated that Robison had had only minor problems with the law. The court noted that he had been a hard worker and that he had a good reputation and a fine family. The court balanced this against the seriousness of the felony and concluded that due to the gravity of the crime, it had to be dealt with seriously. In passing, the court noted that five people could have been killed that night, two of them police officers. The court specifically discussed the importance of protecting police officers be-

cause of the role they play in protecting society. It is evident from the court's discussion of this matter in the sentencing hearing that the judge placed a great deal of emphasis on the deterrent function of sentencing because of the fact that police officers were involved. We conclude that the court's emphasis was correct, especially in light of the enhanced punishment which the legislature has provided by statute for aggravated assault on a police officer. *See* I.C. § 18–915. We conclude that the court properly considered the factors set forth in *Toohill.* The defendant has failed to come forward with any convincing proof that his sentence is unreasonable. We are unable to discern any abuse of discretion by the trial court.

For the foregoing reasons, we affirm the judgment of conviction including the sentence of ten years with a five-year minimum period of confinement for aggravated assault on a police officer.

WALTERS, C.J., and SWANSTROM, J., concur.