819 P.2d 121

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph Edward ROCKLITZ, a/k/a Joe Rocklitz, Defendant–Appellant.**

**No. 19175.**

Court of Appeals of Idaho.

Oct. 16, 1991.

**704**

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a sentence review. Joe Rocklitz, age seventeen at the time, waived jurisdiction under the Youth Rehabilitation Act and pled guilty in the district court to charges of first degree burglary, second degree burglary and to two counts of grand theft. He was sentenced to five years with three years' minimum confinement on each of the burglary charges and to eight years with four years' minimum confinement on each of the grand theft offenses. The court ordered that all sentences would be served concurrently. In addition, the court retained jurisdiction for 120 days under I.C. § 19–2601(4). During the period of retained jurisdiction, Rocklitz escaped from the custody of the Board of Correction. The court then relinquished its jurisdiction and Rocklitz filed this appeal. He asserts that his sentences are excessive and unreasonable and that the court abused its discretion by relinquishing its retained jurisdiction. We affirm.

## I. Sentence Review.

Rocklitz' sentences are within the statutory maximums permitted for each of the offenses, as charged. *See* I.C. § 18–1403 (fifteen years for first degree burglary; five years for second degree burglary); I.C. § 18–2408 (fourteen years for grand theft). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Rock-

litz' actual term of confinement as four years, the period of minimum confinement ordered on the grand theft offenses, to be served concurrently with all sentences imposed. Rocklitz must establish that under any reasonable view of the facts this minimum period of confinement was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

■ In conducting a sentence review, we make an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts underlying the charges in this case demonstrate a series of residential burglaries and thefts of various items of personal property committed by Rocklitz. In exchange for his pleas of guilty to the charged offenses and with the understanding that Rocklitz would make restitution of approximately $60,000, the state agreed not to file eight additional felony counts.

■ The district court in its sentencing comments noted Rocklitz' juvenile record of twenty-five burglary, theft or check-writing offenses, which would have been felonies had he been an adult, and which had occurred during the preceding forty-four months, commencing when Rocklitz was only fourteen years old. The dispositions on those charges included dismissals, reduction to lesser offenses and probation programs implemented through commitments of Rocklitz to the custody of the state board of health and welfare. His record showed that he had been placed in the board's Youth Services Center in St. Anthony, Idaho, for a time. The court concluded that Rocklitz presently was not a fit candidate for probation, but could become so, depending upon the report to be received under the retained jurisdiction process. When announcing the terms of the sentences, the court explicitly articulated its intention to protect the public in arriving at its sentencing decision. *Accord, State v. Broadhead, supra,* 120 Idaho at 141, 814 P.2d at 406 (appropriate for trial court to focus "heavily" on the protection of society). The court determined that concurrent, unified sentences requiring a minimum period of confinement of four years should be imposed.

Considering the nature of the offenses and Rocklitz' character in light of the sentencing review standards set forth in *Toohill* and *Sanchez*, we conclude that the sentences imposed are reasonable. Accordingly, we hold that the district court did not abuse its sentencing discretion.

## II. Order Relinquishing Jurisdiction.

■ As noted earlier, during the time the court was retaining jurisdiction over Rocklitz for the purpose of ultimately determining whether to suspend the balance of his sentences and release him on probation, Rocklitz escaped from custody. He had been committed by the court to the custody of the Board of Correction on October 26, 1990. On December 15, Rocklitz climbed over two security fences and fled from the correctional facility at Cottonwood, Idaho. He was immediately apprehended in another county and was charged with escape. The correction authorities notified the court below and recommended that the court relinquish its jurisdiction, representing that Rocklitz' "escape is proof that he cannot be expected to discipline himself to satisfactorily complete probation." Upon receipt of this information and recommendation, the court entered an order releasing its jurisdiction.

■ On appeal, Rocklitz argues that the district court should not have followed the recommendation from the correctional authorities but instead should have required the board to present another report at the conclusion of the period of retained jurisdiction. We find this argument without merit. We acknowledge that the purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct.App.1984). The decision to place a defendant on probation

or whether, instead, to release jurisdiction over the defendant is a matter within the sound discretion of the trial court. *See, e.g., State v. Williams,* 112 Idaho 459, 732 P.2d 697 (Ct.App.1987); *State v. Turner,* 105 Idaho 748, 672 P.2d 1078 (Ct.App.1983). Absent an abuse of that discretion, the trial court's decision will be sustained. *Id.; State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App.1990).

Upon the record in this case, we conclude that the district judge did not abuse his discretion by releasing jurisdiction, as recommended by the Board of Correction, based upon the Board's determination that Rocklitz likely would not be a successful probationer following his escape from custody. It should take little imagination on the part of potential probationers to realize that attempting to escape from the custody of the Board of Correction while jurisdiction is concurrently retained by the sentencing court not only may result in additional criminal charges, but may severely jeopardize their opportunity for relief from their sentences through release under structured probation programs. Furthermore, it is reasonable to assume—as no doubt did the Board and the court in this case—that an inmate's unwillingness or inability to conduct himself or herself cooperatively in compliance with the restrictive environment of institutionalization is an indicator that the inmate may also be incapable of cooperatively fulfilling requirements of probation.

Accordingly, the judgment of conviction, including the sentences imposed for first and second degree burglary and for grand theft, and the order relinquishing jurisdiction, are affirmed.

SWANSTROM and SILAK, JJ., concur.