839 P.2d 1251

STATE of Idaho, Plaintiff–Respondent,

v.

John Dennis RHOADES, Defendant–Appellant.

No. 19653.

Court of Appeals of Idaho.

Oct. 28, 1992.

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

John Dennis Rhoades pled guilty to grand theft and was placed on probation for five years. Along with the standard conditions of probation, Rhoades was ordered to serve thirty days in the Ada County jail, perform 100 hours of community service, and attend Alcoholics Anonymous meetings. Three months later Rhoades was charged with violation of probation for, among other things, committing a burglary, failure to obtain permission to change residence, failure to report to his probation officer, failure to serve jail time, and failure to perform community service. Rhoades admitted the violations. The court revoked probation and sentenced Rhoades to a five-year unified sentence with eighteen months fixed. The court retained jurisdiction for 120 days which was later extended another 60 days. During this time Rhoades was evaluated and the Jurisdictional Review Committee recommended that jurisdiction be relinquished. The court relinquished jurisdiction, however, it modified the fixed term of Rhoades' sentence by reducing the term to nine months. Rhoades filed a timely appeal claiming the court abused its discretion in relinquishing jurisdiction. We affirm.

As noted the sole issue that Rhoades raises is whether the district court abused its discretion by relinquishing jurisdiction retained under I.C. § 19–2601. The decision to relinquish jurisdiction lies within the sound discretion of the trial court. *State v. Lee*, 117 Idaho 203, 205–06, 786 P.2d 594, 596–97 (Ct.App.1990). However, as Rhoades correctly points out, that discretion is not limitless:

> When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989) (citing *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987). Rhoades argues that the district court abused its discretion when it relinquished jurisdiction by failing to follow the guidelines of I.C. § 19–2521. This argument lacks merit.

The court's initial attempt at rehabilitation met with failure when Rhoades violated probation. The court then retained jurisdiction to obtain further evaluation of Rhoades' potential for rehabilitation, which also met with negative results. The court finally issued the order relinquishing jurisdiction, stating:

> The department [of Corrections] now has filed a report recommending that jurisdiction be dropped.

> In its report the department noted that the defendant had been written up for several disciplinary offenses while at Cottonwood. However, he did participate satisfactorily in the substance abuse program.

> Considering the defendant's record, which includes the two felonies mentioned previously and misdemeanor theft offenses, and his inability to abide by institutional rules, I do not believe that the defendant is a good candidate for probation at this time. Jurisdiction will be dropped.

> The original offense involved the theft of a bicycle. I feel that eighteen months is too severe a fixed sentence considering the nature of the crime. The fixed portion of the sentence hereby is modified to nine months with credit for the time he already has served.

This order took into consideration Rhoades' history and character as well as the nature of his crime, and therefore the order complies with the requirements of I.C. § 19–2521.

We have reviewed Rhoades' presentence reports, the probation violation proceedings, the report from the Jurisdictional Review Committee, and statements of employers and relatives. These were all before the court when it made its decision to relinquish jurisdiction. The court in the probation revocation hearing specifically found that its decision to revoke was based upon a need to protect society and for Rhoades' rehabilitation.

Upon this record we find that the district court did not abuse its discretion in relinquishing jurisdiction. Accordingly, the order relinquishing jurisdiction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.