846 P.2d 938

STATE of Idaho, Plaintiff–Respondent,

v.

Kenneth S. AMY, Defendant–Appellant.

No. 19379.

Court of Appeals of Idaho.

Dec. 30, 1992.

Petition for Review Denied March 2, 1993.

Malcolm S. Dymkoski, Coeur d'Alene, for appellant.

Larry EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., argued, Boise, for respondent.

WALTERS, Chief Judge.

Kenneth Amy pled guilty to forgery and received a unified sentence of five years in the custody of the Board of Correction, with a minimum period of two-years' confinement. Pursuant to I.C. § 19–2601(4), the district court retained jurisdiction for 120 days and Amy was placed at North Idaho Correctional Institute (NICI) at Cottonwood, for further evaluation of his suitability for probation. At the end of the retained jurisdiction period, the Jurisdictional Review Committee advised Amy of its intention to recommend that the court relinquish jurisdiction. The Committee informed him that this recommendation was based upon reports from several staff members who viewed him as a "con-artist" and a manipulator. Amy was provided with the staff comments regarding his performance and advised of his rights to rebut or explain the information and to call witnesses from among the staff and inmate population. In his written rebuttal Amy

acknowledged he had been manipulative and irresponsible in the past, but that finally he was ready to change his life and to be a productive citizen. He also took issue with the staff remarks that he had not taken the program seriously, and stated that he "failed to see who he had conned" at NICI.

Notwithstanding Amy's rebuttal statement, the Committee advised against probation and sent its report to the district court recommending that jurisdiction be relinquished. That report contained a synopsis of the information contained in Amy's presentence investigation report and continued:

> Kenneth Stephen Amy arrived at NICI 7/17/91. He attended 28 hours of Substance Abuse Education during his first two weeks. He was assigned to the school as a possible teacher's aide, but because of his lack of initiative and apathetic attitude he was reassigned to labor detail. He has attended NA and was squad leader on the precision team. Evaluations from staff were mostly poor with one good. One officer says he has not violated any major rules, and is respectful of staff, while another comments he "plays games during count," and is a troublemaker. The officer sees him as a con-artist and manipulator, which agrees with information in the PSI. This does not indicate the type of behavior for a successful probation. The Committee recommended that jurisdiction be dropped. At the rebuttal, Mr. Amy stated he has finally seen the light and is ready to change. His behavior in the program does not reflect this intention. He has had several chances in the past, but has taken the easy way out. We do not see any changes, thus the Committee continues to recommend jurisdiction be dropped.

Although the Committee included Amy's statement with its report, it evidently omitted the individual staff comments.

After receiving the report, and without holding a hearing on the matter, the district court entered an order relinquishing jurisdiction, leaving Amy to serve out his sentence [1] in the custody of the Board of Correction. On appeal from that order, Amy contends the report submitted to the sentencing court was insufficient to support the Committee's conclusions and recommendation, and that by following the recommendation, the district court abused its discretion. For the reasons explained below, we affirm.

Initially, we observe that the decision to decline or grant probation after a period of retained jurisdiction rests within the discretion of the sentencing court. *State v. Caldwell,* 119 Idaho 281, 805 P.2d 487 (Ct.App.1991). On review of an order relinquishing jurisdiction, the appellate court must determine whether the district court acted within the boundaries of that discretion, consistent with any legal standards applicable to specific choices, and whether the district court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989); *State v. Rhoades,* 122 Idaho 837, 839 P.2d 1251 (Ct.App.1992). Generally, a sentencing court's decision to refuse probation will not be deemed an abuse of discretion if the court has sufficient information to determine that probation would be inappropriate. *State v. Chapel,* 107 Idaho 193, 687 P.2d 583 (Ct.App.1984); *see also* I.C. § 19–2521; *State v. Chapman,* 120 Idaho 466, 816 P.2d 1023 (Ct.App.1991).

In this case, Amy contends that the district court denied him due process when it relinquished jurisdiction based on a *facially* deficient [2] report from the Committee. He argues that in view of the report's references to specific staff comments, the

---

**1.** Pursuant to its authority under I.C.R. 35, the court modified Amy's sentence and reduced the fixed portion of the sentence from two years to one. This modification is not at issue on appeal.

**2.** Amy does not challenge the procedures used by NICI to evaluate him. *Compare State v. Cortez,* 122 Idaho 439, 835 P.2d 674 (Ct.App. 1992) (a constitutional challenge to the procedures employed at the institutional level to prepare the report and recommendation may not be raised for the first time on appeal.)

court was obligated to obtain and review the staff evaluations, or at least a synopsis of their contents, before making its decision. To support his position he cites *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), in which our Supreme Court held:

> Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

99 Idaho at 389, 582 P.2d at 735. Contrary to Amy's contention, however, this language does *not* require any particular quality or quantity of information to be contained in the report given to the sentencing court. *See State v. Shofner*, 103 Idaho 767, 653 P.2d 1179 (Ct.App.1982). Although the Court has recognized the need for fair, accurate, and comprehensive reports from NICI, its holding in *Wolfe* sought to ensure such fairness by requiring that the Board of Correction provide certain *procedural* safeguards at the time of the prisoner is evaluated, *before* the report is sent to the sentencing court. *Wolfe, supra; Shofner*, 103 Idaho at 769, 653 P.2d at 1180. If the Committee complies with these procedural requirements, then the sentencing court properly may rely on the Committee's recommendation. There is no question that these procedures were followed in this case.

■ Amy further contends that his due process rights were violated because the court could not independently determine the fairness of the Committee's conclusions without the staff evaluations. This argument incorrectly assumes that the sentencing court must independently review all facts submitted at the due process hearing before it can consider the Committee's report. We find no such requirement in *Wolfe;* the Committee is not obligated to provide the court with an evidentiary record of the due process hearing. As mentioned above, so long as the Committee has complied with the hearing process mandated in *Wolfe*, the district court may properly consider the resulting report and recommendation.[3]

Furthermore, we observe that the staff comments have not been made part of the record on appeal, and consequently we have no way of evaluating what effect, if any, their inclusion in the report might have had on the district court's consideration of the Committee's recommendation. It is an appellant's obligation to make and present a record to substantiate his claim of error. *See State v. Chavez*, 120 Idaho 460, 816 P.2d 1017 (Ct.App.1991); *State v. Bylama*, 103 Idaho 472, 649 P.2d 1228 (Ct. App.1982); *see also State v. Hobbs*, 101 Idaho 262, 611 P.2d 1047 (1980). Amy has failed to provide a sufficient record from which this Court can ascertain whether the omitted information was substantial or inconsequential. Accordingly, we will not disturb the district court's decision on appeal. From the information that is in the record, it appears that the Committee's report was fair, accurate, and complete. Therefore, we conclude that the district court's use of the report when it decided to relinquish jurisdiction did not represent an abuse of discretion.

The district court's order to decline probation and to relinquish jurisdiction is affirmed.

SWANSTROM and SILAK, JJ., concur.

---

**3.** In our view, if the procedural requirements have not been followed, it is incumbent upon the defendant to promptly bring these deficiencies to the attention of the sentencing court, so that the court can timely conduct any further proceedings that may be necessary.